IN THE UNITES STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
C/A No.: 2:22-cv-03142-BHH-MHC

| | |
|---|---|
| John Trenton Pendarvis, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **PLAINTIFF'S MEMORANDUM IN** |
| Alan M. Wilson, Mark A. Keel, Hugh E. ) | **OPPOSITION OF THE MOTION TO** |
| Weathers, L.C. Knight, W. Jeffrey Young, ) | **DISMISS OR, IN THE ALTERNATIVE,** |
| Robert D. Cook, Emory Smith, Jr., Joanne ) | **FOR A MORE DEFINITE STATEMENT** |
| Lee, David S. Jones, T. Stephen Lynch, ) | **ON BEHALF OF DEFENDANTS** |
| Harley L. Kirkland, Wesley Vorberger, ) | **HUGH. E. WEATHERS, ALDEN G. TERRY,** |
| Robert Kittle, Adam L. Whitsett, Frank ) | **DEREK M. UNDERWOOD, J. CLINT** |
| O'Neal, Jason Wells, Glenn Wood, John ) | **LEACH, AARON WOOD, JOHN STOKES,** |
| Neal, Rhett Holden, Alden G. Terry, ) | **VANESSA ELSALAH, BRITTANY** |
| Derek M. Underwood, J. Clint Leach, ) | **JEFFCOAT AND EVA MOORE** |
| Aaron Wood, John Stokes, Vanessa ) | |
| Elsalah, Brittany Jeffcoat, Eva Moore, ) | |
| Ray Dixson, Frank Thompson, Robert ) | |
| Krutak, Jonathan Calore, Charlie Scrubbs, ) | |
| And Wayne Eaddy, ) | |
| ) | |
| Defendants. ) | |

    The Plaintiff, by and through the undersigned counsel, hereby responds to Defendants Hugh E. Weathers (WEATHERS), Alden G. Terry (TERRY), Derek M. Underwood (UNDERWOOD), J. Clint Leach (LEACH), Aaron Wood (WOOD), John Stokes (STOKES), Vanessa Elsalah (ELSALAH), Brittany Jeffcoat (JEFFCOAT), and Eva Moore's (MOORE) (collectively "DAG") motion to dismiss or in the alternative for a more definite statement pursuant to Rules 12(b)(6), 12(e) and Rule 8 Fed.R.Civ.P.

**I.    INTRODUCTION**

    The Plaintiff has filed a complaint asserting various claims against thirty-three (33) individual defendants, who were at the times in question employed by the five (5) South Carolina governmental agencies that played a part in the Plaintiff's arrest and seizure/destruction of the

1

Plaintiff's hemp crop on September 19, 2019. Those five agencies are the South Carolina Attorney General's Office (SCAG), the South Carolina Law Enfocement Division (SLED), the South Carolina Department of Agriculture (DAG), the Dorchester County Sheriff's Office (DCSO) and the South Carolina Forestry Commission (FORESTRY).

The Plaintiff's complaint alleges four causes of action: 1) a §1983 cause of action for violation of Plaintiff's due process rights under the 4th, 8th and 14th amendments for false arrest/imprisonment against the SLED and DCSO defendants;  2) a §1983 cause of action for violation of Plaintiff's due process rights under the 4th, 8th and 14th amendments for malicious prosecution against SLED and DAG defendants; 3) a §1985 cause of action for conspiracy to interfere with civil rights by obstructing justice and denying the Plaintif rights and privileges against all defendants; and 4) a §1986 cause of action for neglecting to prevent a conspiracy to interfere with civil rights by obstructing justice and denying the Plaintif rights and privileges against all defendants.

The facts of the case and the legal framework of the resulting claims are multi-faceted and complex. They include acts and omissions by the defendants not just leading up to and including his arrest and the seizure/destruction of his hemp crop, but include conduct by the defendants in the subsequent criminal prosecution, a state court declaratory judgment and injunctive relief action in Marion County, the subsequent appeal of an order in the Plaintiff's favor in the Marion County case and conduct in a separate state court civil action in Dorchester County. That complained of conduct includes allegations of constitional violations via obstruction of justice manifested by willful and intentional discovery misconduct in those state court actions.

In short, the Plaintiff is alleging that these defendants all played a part in a conspiracy to violate his constitutional rights in a manner that has been ongoing for over three (3) years. That

the harmful conduct was not just comprised of his unlawful arrest and the illegal destruction of his hemp crop, but also obstruction of justice through the willful and intentional denial of due process, withholding and hiding of evidence and refusing to comply with the rules of civil procedure.

In support of his allegations, the Plaintiff filed a complaint that not only alleged those causes of actions, but also provided detailed factual allegations supporting the causes of actions. Those factual allegations detail specific facts to show knowledge and intent, identifying both specific instances of conduct and specific defendants that were engaged in the conduct.

Specifically, paragraphs 47 through 218 on pages 21 through 85 of the complaint contain those factual allegations. In detailing the factual allegations, many of those paragraphs direct the defendants to specific statutes, documents, communications, public comments/statements by defendants, and acts/comments made on video (with time-stamped designations).

While Plaintiff's complaint may be lengthy, it is organized (with factual allegations grouped in identified sections) and relays material factual allegations that support the pled causes of action in a progressive and logical manner.

That progression goes through explaining the legalization of hemp, the subsequent Hemp Farming Act ("the Act") that South Carolina passed and the issues with enforcement procedures under the Act (which is at the heart of this case); the Plaintiff's involvement with defendants through the Hemp Farming Program; the climate issues that impacted the Plaintiff's hemp crop; the subsequent alleged violations of the Act by the Plaintiff that those climate issues led to; the defendants conduct in investigating, enforcing and prosecuting those alleged violations; the arrest and seizure/destruction of the Plaintiff's Dorchester County hemp crop as a result of those alleged violations; the conduct of the different agency defendants throughout that process; conduct arising from defendants' attempts to engage in similar enforcement actions against the Plaintiff's Marion

County hemp crop; and conduct by defendants to hide information/evidence from the Plaintiff over the last three years.

Instead of filing an answer and admitting or denying the pled factual allegations, the DAG defendants filed a motion to dismiss or in the alternative for a more definite statement, pursuant to Rules 12(b)(6), 12(e) and Rule 8 FRCP.

The Plaintiff files response.

## II.     Defendants requests for relief under Rule 12(b)(6) FRCP

The purpose of a Rule 12(b)(6) motion "is to test the sufficiency of a complaint." *See* Gillaspie v. United States, 2022 U.S. Dist. LEXIS 185185, p.3 (D.S.C. June 7, 2022), (citing Williams v. Preiss-Wal Pat III, LLC, 17 F. Supp.3d 528, 531 (D.S.C. 2014).

Fed. R. Civ. P. 8(a)(2) merely requires that a complaint show that the pleader is entitled to relief such that the defendant will have "fair notice of what the claim is and the grounds upon which it rests." Gillaspie at 4.

When considering a Rule 12(b)(6) motion, the court is required to accept the allegations in the pleading as true and draw all reasonable factual inferences in favor of the party opposing the motion. Gillapsie at 4, citing E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011). Moreover, the court must evaluate "the complaint **in its entirety**, **as well as documents** attached or **incorporated into the complaint**." Gillapsie at 4, citing Id. at 448, emphasis added. "A complaint should not be dismissed as long as it provides sufficient detail about the claim to show that the plaintiff has a more-then-conceiveable chance of success on the merits." Gillapsie at 4, citing Goldfarb v. Mayor & City Council of Balt., 791 F.3d 500, 511 (4th Cir. 2015)(internal quotation marks and brackets omitted).

4

Plaintiff is at a loss for how to address DAG's Rule 12(b)(6) argument, as the DAG Defendants do not even attempt to argue in their motion how the Plaintff's complaint in anyway fails to provide sufficient detail about the claims the Plaintiff is making or that the complaint denies them fair notice.

The complaint specifically identifies that the Plaintiff is alleging three of the four pled causes of action against the DAG defendants, asserting the legal basis within those causes of action for relief and incorporating by reference the factual allegations pled in the complaint.

Those factual allegations in the Plaintiff's complaint contain numerous specific, and documented, factual allegations detailing conduct by the DAG defendants that support the pled causes of action. Those factual allegations against the DAG defendants detail a willful and intentional desire by the DAG defendants, as well as other co-defendants, to avoid specific procedural guidance that they were noticed to follow in order to protect the Plaintiff's constitutional rights.

The facts alleged in Plaintiff's complaint provide "enough facts to state a claim to relief that is plausible on its face." Robinson v. Am. Honda Motor CO., 551 F.3d 218, 222 (4th Cir. 2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 at 555, 570. Assisting others in the destruction of a person's property without judicial approval, is plausibly on its face, a violation of that person's constitutional rights. When evaluated in its entirety, the Plaintiff's complaint "provides sufficient detail about the claims to show that [he] has a more-than-conceiveable chance of success on the merits." Goldfarb at 511.

As such, the DAG defendants' motions for dismissal pursuant to Rule 12(b)(6) FRCP should be DENIED.

### III.     Defendants requests for relief under Rule 12(e) and Rule 8 FRCP

The DAG defendants move for an order instructing the Plaintiff "to file an Amended complaint complying with Fed. R. Civ. P. Rule 8, and order dismissing this case based upon the failure to comply with Rule 8 or dismissing this case on the failure to comply with Rule 8" while also citing to Rule 12(e).

This argument by DAG is based upon the mistaken belief that the language of Rule 8(a)(2) that a complaint must contain "a short and plain statement of the claim," is a ceiling for pleadings, when the reality is that Rule 8 merely establishes a threshold.

The DAG defendants argument is based upon their claim that the Plaintiff's complaint contains **too much** information, arguing that the complaint "contains enormous amounts of information that is inappropriate in a traditional federal complaint." In fact, DAG actually argues the Plaintiff's complaint "reads like a brief at summary judgment or pretrial stage, complete with countless detailed evidentiary and discovery references." *Motion*, p.3. [1]

Yet nowhere in their motion, do the DAG defendant identify a single "inappropriate" factual allegation or identify a single factual allegation that fails to "plead[s] factual content that allows the court to draw reasonable inference that the defendant[s] [are] liable for the misconduct alleged." Brown v. GNC Corp. (In re GNC Corp.), 789 F.3d 505, 513 (4th Cir. 2015).

Instead, the DAG defendants ask the Court to order the Plaintiff to reduce his complaint to "20-25 pages," so that the DAG defendants can respond "without having to file a detailed Answer responding to every small factual detail set forth in the Complaint." (Motion, p.4).

Notice pleading rests on the principle that the defendant should have "fair notice of what [a] plaintiff's claim is and the grounds upon which it rests." Rule 8 of the Federal Rules of Civil

---

[1] Plaintiff notes the inherent contradiction of arguing that the Plaintiff's complaint contains too many facts in seeking Rule 8 and Rule 12(e) relief, while arguing the complaint lacks sufficient facts to support a claim for relief under Rule 12(b)(6).

Procedure provides that "[p]leadings must be construed as to do justice." Rule 8 "requires only 'a short and plaing statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendants fair notice of what the…claim is and the grounds upon which it rests." Barclay White Skanska, Inc. v. Battelle Mem. Inst., 262 Fed. Appx. 556, 560 (4th Cir. 2008), internal citiations omitted.

In *Hearns*, the Ninth Circuit reversed a dismissal of a complaint for failure to comply with Rule 8(a), noting that the defendants did "not attempt to identify particular allegations as immaterial or unnecessary," noting that the defendants "simply object that the complaint provides too much detail." Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1130 (9th Cir. 2008). The *Hearns* court specifically found that "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)." Hearns at 113, citing to Wynder at 80 (holding that district court erred in dismissing on Rule 8 grounds when the complaint, though long, was not "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised"); Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003) ("Some complaints are windy but understandable. Surplusage can and should be ignored.").

> By contrast, the complaint at issue here was not "replete with redundancy and largely irrelevant." It set out more factual detail than necessary, but the overview was relevant to Plaintiff's causes of action for employment discrimination. Nor was it "confusing and conclusory." The complaint is logically organized, divided into a description of the parties, a chronological factual background, and a presentation of enumerated legal claims, each of which lists the liable Defendants and legal basis thereof.

Hearns at 1132, internal citations omitted

Plaintiff's complaint in this matter is similarly "logically organized, divided into a description of the parties, a chronological factual background, and a presentation of enumerated

7

legal claims, each of which lists the liable Defendants and legal basis thereof" and provides an "overview" relevant to his causes of action.

The *Hearns* case has been cited by the Fourth Circuit in support of reversing and vacating an order dismissing a complaint for failing to comply with Rule 8(a).

In *Sewarz v. Long*, the Fourth Circuit noted the types of complaints that had led to Rule 8 dismissals: Garst (155 pages, 400 paragraphs, 99 attachments); In re Westinghouse Sec. Litig., 90 F.3d 696, 703-06 (3rd Cir. 1996) (600 paragraphs, 240 pages); Vicom, Inc. v. Harbridge Merch. Svcs., 20 F.3d 771, 775-76 (7th Cir. 1994) (finding 385 paragraph, 119-page "less-than-coherent" complaint should have been dismissed); Kuehl v. FDIC, 8 F.3d 905, 906-09 (1st Cir. 1993) (358 paragraphs, 43 pages – fn noting that "numerous repetitive counts"); Michaelis v. Nebraska State Bar Ass'n, 717 F.2d 437, 439 (8th Cir. 1983) (144 pargraphs, 98 pages). Sewraz v. Long, 407 Fed. Appx. 718, 719 (4th Cir. 2011).

After citing all of those cases, the *Sewraz* court specifically cited to *Hearns*, noting "finding abuse of discretion when district court dismissed 81-page complaint that included "excessively detailed factual allegations" that were nonetheless "coherent, well-organized, and stated legally viable claims." Sewraz at 719. The *Sewraz* court then specifically found "that the Defendants could easily determine what causes of action applied to them and what factual allegations supported each cause of action. While a defendant would likely need to read the complete factual background in order to see the big picture alleged, the facts are intelligible and clearly delineated as to each defendant." Sewraz at 719.

Such is the case with the Plaintiff's complaint.

*Hearns* has also been cited by South Carolina District Courts. In *Jane Rene' Silver v. Bayer Healthcare Pharms*, Judge Norton refused to dismiss a complaint under Rule 8(a), cited to *Hearns*

8

in noting that "when weighing a Rule 8(a) dismissal, courts have also considered whether the complaint runs afoul of other rules, such as being 'verbose, confusing and almost entirely conclusory." Jane Rene' Silver v. Bayer Healthcare Pharms., 2021 U.S. Dist. LEXIS 188355, 40-41. (D.S.C., September 30, 2021).

The Plaintiff's complaint is not confusing, nor is it conclusory and it does not violate Rule 8 FRCP, as it adequately "plead[s] factual content that allows the court to draw reasonable inference that the defendant[s] [are] liable for the misconduct alleged." Brown v. GNC Corp. (In re GNC Corp.), 789 F.3d 505, 513 (4th Cir. 2015). The complaint provides fair and reasonable notice to the defendants. *See* 2 James Wm. Moore et al., Moore's Federal Practice §8.04[1] (3d. ed. 1999) ("The rule is fashioned in the interest of fair and reasonable notice, not technicality.").

Defendants Rule 12(e) arguments (to the extent simply citing Rule 12(e) is making an argument) are similar to arguments made by the defense in *Holland v. Beaufort County & James Beckert*. In *Holland*, the defense moved for a more definite statement pursuant to Rule 12(e) and moved to strike pursuant to Rule 12(f). Holland v. Beaufort County & James Beckert, 2021 U.S. Dist. LEXIS 243582 (D.S.C., January 13, 2021). In *Holland*, Defendant Beckert sought a more definite statement contending that the complaint was "replete" with "vaguery and ambiguity" and ran afoul of Rule 8 and sought to strike certain allegations arguing the complaint was "rife with evidentiary matters." The Court refused the request for more definite statement, finding the complaint was not "so vague and ambiguous that Defendant cannot frame a response," and found many of the allegations sought to be struck were "relevant and pertinent to the Plaintiff's case and do not cause any significant prejudice to Defendant or otherwise fun afoul of the rules of civil procedure." Holland at 2 & 7.

All of the above shows that the Plaintiff's complaint complies with Rule 8 and that it is not

so vague or ambiguous as to justify a more definite statement.

Plaintiff would note that some of the specific factual allegations against the DAG defendants involve DAG's conduct of refusing to properly respond in the State court cases (Complaint, ¶¶138-140, 203) and would argue that this motion is simply an attempt by the DAG defendants to avoid having to actually respond and admit factual allegations that establish that conduct.

### IV.     In the alternative to dismissal, Plaintiff would request leave to Amend

While Plaintiff argues that the defendants' motions for dismissal should be denied, in the event the Court were to find that the Plaintiff's complaint has failed to state a claim for relief under Rule 12(b)(6) or violated Rule 8 to the extent dismissal was warranted, the Plaintiff would respectfully request that the Court allow the Plaintiff leave to file an amended complaint to correct any such deficiencies.

Generally, courts "should freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion to amend should only be denied when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." ACA Fin. Guar. Corp. v. City of Buena Vista, 917 F.3d 206, 217-18 (4th Cir. 2019).

As such, the Plaintiff would respectfully request leave to amend to correct any such deficiencies if found by the Court.

10

## **CONCLUSION**

For the reasons stated above, the Plaintiff respectfully asks that Court deny the Defendants' motions.

Respectfully submitted,

                                              WUKELA LAW FIRM

                                              s/Patrick J. McLaughlin
Patrick J. McLaughlin (Fed. ID. No. 9665)
P.O. Box 13057
Florence, SC 29504-3057
Telephone:  843-669-5634
Facsimile:   843-669-5150
Email:  patrick@wukelalaw.com
*-and-*
**WILLIAMS & WILLIAMS**
C. Bradley Hutto (Fed. ID. No. 2024)
P.O. Box 1084
Orangeburg, SC 29116
Phone: (803)534-5218
Fax:     (903)536-6298
cbhutto@williamsattys.com

November 28, 2022                           **ATTORNEYS FOR PLAINTIFF**