IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| John Trenton Pendarvis, | ) | C/A No: 0:22-1532-BHH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **AFFIDAVIT FOR DEFAULT** |
| Alan M. Wilson, Mark A. Keel, Hugh E. Weathers, L.C. Knight, W. Jeffrey Young, Robert D. Cook, Emory Smith, Jr., Joanne Lee, David S. Jones, T. Stephen Lynch, Harley L. Kirkland, Wesley Vorberger, Robert Kittle, Adam L. Whitsett, Frank O'Neal, Jason Wells, Glenn Wood, John Neale, Alden G. Terry, Derek M. Underwood, J. Clint Leach, Aaron Wood, John Stokes, Vanessa Elsalah, Brittany Jeffcoat, Eva Moore, Ray Dixson, Frank Thompson, Robert Krutak, Jonathan Calore, Charlie Scrubbs, and Wayne Eaddy, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

I, Patrick J. McLaughlin, being first duly sworn, do hereby depose and say as follows:

1. I am over 18 years of age. I am competent to make this affidavit, and I have personal knowledge of the facts stated in this affidavit.

2. I am an attorney with the Wukela Law Firm and I, along with C. Bradley Hutto, represent the Plaintiff in the above-captioned action.

3. Via email correspondence dated September 16, 2022, sent to attorneys representing the Dorchester County Sheriff's Office ("DCSO") in a corresponding state court action, the Plaintiff presented the individual DCSO defendants in this matter (Defendants Knight, Dixson, Thompson and Krutak) with the standard *Waiver of the Service of*

1

*Summons* forms, filled out individually for each individual DCSO defendant. *See* Attachment A to this Affidavit.

4. That the fourth (4th) paragraph of each one of those waivers specifically included the form language which has the waiver of service declare that:

> I also understand that I, or the entity I represent, must file and serve the answer or a motion under Rule 12 within 60 days from __09/16/2002__, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

*See* ECF 8-1.

5. That as noted above, the requests for waivers of service were in fact sent on September 16, 2022. *See* Attachment A to this Affidavit.

6. Pursuant to subsequent email correspondence dated September 27, 2022, Defendants Knight, Dixson, Thompson and Krutak all provided executed copies of those waivers of service signed by their attorney. *See* Attachment A to this Affidavit.

7. Those waivers all contain execution dates of September 26, 2022. *See* ECF 8-1.

8. That all four (4) *Waivers of Service* by the DCSO defendants were filed with the Court via correspondence to the Court dated September 27, 2022. *See* ECF 8 and 8-1.

9. Pursuant to those *Waivers of Service*, answers or motions under Rule 12 **must** have been filed and served within sixty (60) days of the date the requests were sent, which was September 16, 2022, as noted on the waivers themselves.

10. That sixty (60) days from the request being sent, not including the day of sending, would have been November 15, 2022, as evidenced by the "Docket Text" email confirmation issued by the Court via email dated September 27, 2022, at 1:09 p.m. *See* Attachment B to this Affidavit.

2

11. At no time from then on, through the present, have any of the DCSO defendants served or filed a responsive pleading or motion directed at the Complaint.

12. As of November 28, 2022, the DCSO defendants are thirteen (13) days past the November 15, 2022, deadline and are even past a sixty (60) day deadline if they believed the 60-day clock did not begin to run until the day the transmitted their *Waivers of Service* to the Plaintiff, which is not correct.

13. The time limit for the DCSO defendants to plead or otherwise defend has expired.

14. The DCSO defendants have failed to plead or otherwise defend.

15. The DCSO defendants are all over the age of 18, not incompetent persons, not in active military service, nor were any of the waivers of service sent outside the United States.

FURTHER AFFIANT SAYETH NOT.

_____
Patrick J. McLaughlin

SWORN to before me this
11th day of November, 2022.

_____ (L.S.)
NOTARY PUBLIC FOR SOUTH CAROLINA
My Commission Expires: June 2, 2031

# ATTACHMENT A

**Patrick Mclaughlin**

| | |
|---|---|
| From: | George Smythe <George@buyckfirm.com> |
| Sent: | Tuesday, September 27, 2022 10:42 AM |
| To: | Patrick Mclaughlin; Taylor Richardson; Wade C |
| Cc: | cbhutto@williamsattys.com; Mira Watson; Kristi Parker |
| Subject: | RE: Pendarvis v. Alan M. Wilson, et al., C/A No.: 2:22-cv-03142-BHH-MHC |
| Attachments: | Waivers signed.pdf |

Dear Patrick,

No need to personally serve our folks. Please see the waivers attached.

Thank you for following up,

George

**From:** Patrick Mclaughlin <patrick@wukelalaw.com>
**Sent:** Monday, September 26, 2022 11:07 AM
**To:** Taylor Richardson <trichardson@wukelalaw.com>; Wade C <GWC@Buyckfirm.com>; George Smythe <George@buyckfirm.com>
**Cc:** cbhutto@williamsattys.com; Mira Watson <mwatson@wukelalaw.com>; Kristi Parker <Kristi@buyckfirm.com>
**Subject:** RE: Pendarvis v. Alan M. Wilson, et al., C/A No.: 2:22-cv-03142-BHH-MHC

Dear Wade and George:

It has been 10 days since we sent the below email and we do not want to wait too long to start the service process given the number of defendants we have to serve. As such, if we have not heard back from you guys by Wednesday, we will assume we have to personally serve all the DCSO Defendants and will make arrangements to do so.

Certainly would prefer not to have to incur that expense or inconvenience any of the defendants, but we need to effect service. I would remind you all that waiving service actually provides the defendant with a benefit: extending the time to answer from the 21 days prescribed by Rule 12 FRCP, to 60 days.

To the extent you guys wish to take advantage of the waiver process, please let us know by this Wednesday.

Thanks.

**Patrick J. McLaughlin**
Wukela Law Firm
403 Second Loop Rd.
PO Box 13057
Florence, SC 29504-3057
(O) 843-669-5634
(F) 843-669-5150
(M) 843-409-3892
Patrick@wukelalaw.com

1

CONFIDENTIAL & PRIVILEGED
Unless otherwise indicated or obvious from the nature of the above communication, the information contained herein may be attorney-client privileged and confidential information/work product. The communication is intended for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

If you have received this communication in error or are not sure whether it is privileged, please immediately notify me by return e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication.

**From:** Taylor Richardson <trichardson@wukelalaw.com>
**Sent:** Friday, September 16, 2022 2:16 PM
**To:** gwc@buyckfirm.com; george@buyckfirm.com
**Cc:** Patrick Mclaughlin <patrick@wukelalaw.com>; cbhutto@williamsattys.com; Mira Watson <mwatson@wukelalaw.com>; kristi@buyckfirm.com
**Subject:** Pendarvis v. Alan M. Wilson, et al., C/A No.: 2:22-cv-03142-BHH-MHC

Dear Mr. Cooper and Mr. Smythe,

Attached please find a copy of correspondence which will be going out today via USPS. If you have any trouble opening the attachments, please let me know.

With kind regards,

*Taylor Richardson*
Legal Assistant to
**Patrick J. McLaughlin**
Wukela Law Firm
P.O. Box 13057
Florence, SC 29504
T: (843) 669-5634
F: (843) 669-5150
trichardson@wukelalaw.com

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

John Trenton Pendarvis
*Plaintiff*
v.
Alan M. Wilson, et al.
*Defendant*

Civil Action No. 2:22-cv-03142-BHH-MHC

## WAIVER OF THE SERVICE OF SUMMONS

To: Patrick J. McLaughlin and C. Bradley Hutto
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____09/16/2022_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 9/26/22

*Signature of the attorney or unrepresented party*

L.C. Knight
*Printed name of party waiving service of summons*

George Smythe
*Printed name*
Buyck Law Firm
PO Box 2424
Mt. Pleasant, SC 29465
*Address*

George@buyckfirm.com
*E-mail address*

843-377-1400
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| John Trenton Pendarvis | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-03142-BHH-MHC |
| Alan M. Wilson, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Patrick J. McLaughlin and C. Bradley Hutto
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____09/16/2022_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 9/26/22

_____Ray Dixson_____
*Printed name of party waiving service of summons*

Signature of the attorney or unrepresented party
George Smythe

*Printed name*
Buyck Law Firm
PO Box 2424
Mt. Pleasant, SC 29465
*Address*

George@buyckfirm.com
*E-mail address*

843-377-1400
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| John Trenton Pendarvis | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-03142-BHH-MHC |
| Alan M. Wilson, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Patrick J. McLaughlin and C. Bradley Hutto
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____09/16/2022_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 9/26/22

_____
Signature of the attorney or unrepresented party
George Smythe

Frank Thompson
*Printed name of party waiving service of summons*

*Printed name*
Buyck Law Firm
PO Box 2424
Mt. Pleasant, SC 29465
*Address*

George@buyckfirm.com
*E-mail address*

843-377-1400
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
## for the
### District of South Carolina

John Trenton Pendarvis  )
*Plaintiff*              )
v.                       )   Civil Action No. 2:22-cv-03142-BHH-MHC
Alan M. Wilson, et al.   )
*Defendant*              )

## WAIVER OF THE SERVICE OF SUMMONS

To: Patrick J. McLaughlin and C. Bradley Hutto
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____09/16/2022_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 09/26/22

Robert Krutak
*Printed name of party waiving service of summons*

*Signature of the attorney or unrepresented party*

George Smythe
*Printed name*
Buyck Law Firm
PO Box 2424
Mt. Pleasant, SC 29465
*Address*

George@buyckfirm.com
*E-mail address*

843-377-1400
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# ATTACHMENT B

## Patrick Mclaughlin

| | |
|---|---|
| From: | SCDEfilingstat@scd.uscourts.gov |
| Sent: | Tuesday, September 27, 2022 1:09 PM |
| To: | scd_ecf_nef@scd.uscourts.gov |
| Subject: | Activity in Case 2:22-cv-03142-BHH-MHC Pendarvis v. Wilson et al Waiver of Service Executed |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### District of South Carolina

## Notice of Electronic Filing

The following transaction was entered by McLaughlin, Patrick on 09/27/2022 at 12:49:57 PM EDT and filed on 09/27/2022

| | |
|---|---|
| **Case Name:** | Pendarvis v. Wilson et al |
| **Case Number:** | 2:22-cv-03142-BHH-MHC |
| **Filer:** | John Trenton Pendarvis |
| **Document Number:** | 8 |

**Docket Text:**
**WAIVER OF SERVICE by John Trenton Pendarvis. L.C. Knight waiver executed on 9/16/2022, answer due 11/15/2022; Ray Dixson waiver executed on 9/16/2022, answer due 11/15/2022; Robert Krutak waiver executed on 9/16/2022, answer due 11/15/2022; Frank Thompson waiver executed on 9/16/2022, answer due 11/15/2022. (Attachments: # (1) Waivers Signed)(McLaughlin, Patrick) Modified docket text to add defendant Ray Dixson's date of service on 9/27/2022 (hcor, ).**

**2:22-cv-03142-BHH-MHC Notice has been electronically mailed to:**

William Henry Davidson, II     wdavidson@dml-law.com, abruyere@dml-law.com, nbouknight@dml-law.com, srodgers@dml-law.com

Charles Bradley Hutto     cbhutto@williamsattys.com, cbhutto@aol.com, vmware@williamsattys.com

Patrick James McLaughlin     patrick@wukelalaw.com, mwatson@wukelalaw.com, pzinser@wukelalaw.com, trichardson@wukelalaw.com

**2:22-cv-03142-BHH-MHC Notice will not be electronically mailed to:**

1

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091130295 [Date=9/27/2022] [FileNumber=10921644-0] [1cd7a48dda23c7f35c2d1f6a5347877b0a82c6cac1007fb9d2920612a15fceecbd7fb4b9583c7faafcf79886309617fd9eec5621f5f35cfde702724f35d69ffb]]
**Document description:** Waivers Signed
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091130295 [Date=9/27/2022] [FileNumber=10921644-1] [55318a89fc5679fa85e7f506f3b5c38c635c844d406e37ab22b47c35524f5c7ffb0b8d354bcdb30061a34fc7f3fb38e340669ffa76102b0c129f93116b0a39dc]]

*This is a re-generated NEF. Created on 9/27/2022 at 1:08 PM EDT*