IN THE UNITIED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John Trenton Pendarvis, ) | C/A No. 2:22-cv-03142-BHH-MHC |
| ) | |
| Plaintiff, ) | |
| ) | |
| Versus ) | |
| ) | **DEFENDANTS KNIGHT, DIXSON,** |
| Alan M. Wilson, Mark A. Keel, Hugh E. ) | **THOMPSON AND KRUTEK'S** |
| Weathers, L.C. Knight, W. Jeffrey Young, ) | **MEMORANDUM IN SUPPORT OF** |
| Robert D. Cook, Emory Smith, Jr., Joanne Lee, ) | **MOTION TO DISMISS, OR, IN THE** |
| David S. Jones, T. Stephen Lynch, Harley L. ) | **ALTERNATIVE, MOTION FOR MORE** |
| Kirkland, Wesley Vorberger, Robert Kittle, ) | **DEFINITE STATEMENT** |
| Adam L. Whitsett, Frank O'Neal, Jason Wells, ) | |
| Glenn Wood, John Neale, Rhett Holden, Alden ) | |
| G. Terry, Derek M. Underwood, J. Clint Leach, ) | |
| Aaron Wood, John Stokes, Vanessa Elsalah, ) | |
| Brittany Jeffcoat, Eva Moore, Ray Dixson, ) | |
| Frank Thompson, Robert Krutak, Jonathan ) | |
| Calore, Charlie Scrubbs, and Wayne Eaddy, ) | |
| ) | |
| Defendants. ) | |

COME NOW Defendants L.C. Knight, Ray Dixson, Frank Thompson, Robert Krutek[1] (hereinafter collectively referred to as "these Defendants" or "the Dorchester Defendants), by and through the undersigned counsel, moving for an Order pursuant to Rule 12(b)(6) and Rule 12(e), FRCP, either instructing the Plaintiff John Trenton Pendarvis to file an Amended Complaint complying with Rule 8, FRCP, or dismissing this case based on the failure to comply with Rule 8, FRCP.

The Plaintiff filed his Complaint on September 16, 2022. The Complaint totals 92 pages with 256 separate paragraphs, with dozens of exhibits consisting of documents, photographs, transcripts, letters, emails, or selected segments thereof, all of which are embedded within the

---

[1] Defendant Krutek's name is incorrectly spelled in the Plaintiff's Complaint.

Complaint. The Plaintiff has pled four separate causes of action against a total of 33 different individual Defendants, including employees of the South Carolina Attorney's Office, the South Carolina State Law Enforcement Division, the South Carolina Department of Agriculture, the South Carolina Forestry Commission and employees of the Dorchester County Sheriff's Office.

The Plaintiff's Complaint fails to comply with Rule 8, FRCP. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See, Rule 8(a)(2), FRCP. Rule 8(d)(1) requires that each averment of a pleading be "simple, concise, and direct." See, Rule 8(d)(1), FRCP. "Taken together, Rules 8(a) and 8(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Binsack v. Lackawanna County Prison*, 438 Fed. Appx. 158, 160 (3d Cir. 2011).

In *Groves v. City of Darlington*, 2008 WL 4416409 (D.S.C. 2008), this Court struck a Complaint with 23 single-spaced pages and 384 paragraphs. This Court agreed with the position that "Plaintiffs' Complaint fails to conform with either the form or the spirit of Rule 8 as it fails to set forth a short and plain statement of the Plaintiffs' claims and includes numerous allegations which are 'clearly extraneous' to the issues presented and are 'unduly voluminous.'" 2008 WL 4416409, *3. Recognizing that the Federal Rules of Civil Procedure requires notice pleading as opposed to fact pleading, this Court found "the Complaint's prolixity is violative of Rule 8(a)." *Id.* This Court noted that "the Plaintiffs' Complaint is not a 'short and plain statement' of Plaintiffs' claims" which makes it "an extremely burdensome task for Defendant to attempt to answer Plaintiffs' Complaint in its present form." *Id*. This Court thereby struck the Complaint and ordered the plaintiff to filed an amended pleading "that complies with Rule 8(a)." *Id*.

Similarly, in *CTH 1 Caregiver v. Owens*, 2012 WL 2572044 (D.S.C. 2012), this Court, through Judge Timothy Cain, directed the plaintiff "to comply with Rule 8 and invite[d] Plaintiff

to view this as an opportunity to prepare a simple, concise, and direct amended complaint." 2012 WL 2572044, *8. The Court noted that the original complaint was 54 pages long with 377 paragraphs and 55 pages of exhibits. The plaintiff then proposed an amended complaint that was 59 pages long with 403 paragraphs and 54 pages of exhibits. Based thereon, Judge Cain ruled as follows:

> Plaintiff's complaints are unnecessarily taxing to follow as she has failed to follow Rule 8(a)(2), Fed.R.Civ.P., and provide a short and plain statement of her claims. This complaint could very well be drafted in less extensive language with equal effect. There are many repetitious and unnecessary allegations. A complaint is not meant to persuade the court but to place the matter before the court in as clear a manner as possible. Persuasion is for the trial; the jury will not see the pleadings.

*Id.*

More recently, in *Alexander v. South Carolina Department of Transportation,* 2021 WL 2635446 (D.S.C. 2021), this Court was critical of a "shotgun pleading" which was described as "one that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading or one in which it is virtually impossible to know which allegations of fact are intended to support which claims for relief." 2021 WL 2635446, *2. In *Alexander*, this Court was particularly critical of the incorporation of "evidentiary documents." The Court explained that "[t]hese exhibits appear to be nothing more than evidence in support of the claims alleged in complaint. To consider the exhibits at this point would circumvent the 'simple and plain statement requirement' of Rule 8(a)(2) of the Federal Rules of Civil Procedure." *Id*.

Courts throughout the federal court system recognize that a plaintiff's failure to follow the notice pleading requirements of Rule 8, FRCP, can result in "long, verbose, and confusing" complaints. *Gordan v. Green*, 602 F.2d 743, 744 (5th Cir. 1979). The Fifth Circuit was critical of "volumes of words, disorganized and sometimes conflicting, with a mish-mash of so-called

3

evidentiary materials, citations of authority, and other things that a pleader, aware of and faithful to the command of the Federal Rules of Civil Procedure, knows to be completely extraneous." 602 F.2d at 745. The Court also cited numerous cases from throughout the circuits "in which complaints have been dismissed as being contrary to the letter and spirit of the Rule [8]." 602 F.2d at 746. The Tenth Circuit is in accord. In *McNamara v. Brauchler*, 570 Fed. Appx. 741 (10th Cir. 2014), that Court writes:

> It is not the role of either the court or the defendant to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct plaintiff's causes of action. We agree with the district court that the amended complaint contains much "distracting and irrelevant detail" and "would force the Defendants to carefully comb through more than a hundred pages to ascertain which of the several hundred paragraphs contain pertinent allegations to which a response is warranted."

570 Fed. Appx. at 743. *See also, Jianqing Wu v. TrustPoint International,* 2015 WL 13091378, *2 (D. Md. 2015) ("A complaint may be dismissed as being violative of Rule 8 where it puts an unjustifiable burden upon the court and the defendant to determine whether somewhere, 'tucked' betwixt plaintiff's arguments, conclusions and general dissertations, facts sufficient to support a cause of action have been stated over which the Court has subject matter jurisdiction and also jurisdiction over the parties").

This sampling of cases from this Court and from the circuits around the country demonstrate that the Plaintiff in the case at bar wholly failed to comply with Rule 8(a)(2) and Rule 8(d)(1) in the preparation of his Complaint. In addition to being 92 pages in length with 256 paragraphs, most of the averments are not simple, direct, or concise. Throughout the Complaint, the Plaintiff has embedded a host of exhibits which are not averments but rather constitute at best evidence which is not appropriate under a notice pleadings standard. Indeed, the Plaintiff has

4

included numerous discovery documents (or segments extracted therefrom) from ongoing state court litigation, photographs, emails, transcripts of bodycam videos, and the like. The Plaintiff has alleged four distinctive and unrelated causes of action, including those alleging obstruction of justice and conspiracy under §§ 1985 and 1986, while each of the causes of action incorporate the entirety of the factual allegations – some 218 paragraphs – into each cause of action without distinguishing between them. In addition, each of the four causes of action are jumbled by the improper use of these incorporation paragraphs.

As this Court has criticized in the *Alexander* case, the Plaintiff's Complaint is the picture of a "shotgun pleading." The Plaintiff's Complaint requires this Court and these Defendants to expend exorbitant time and effort to try to ascertain which allegations are tied to which parties and to which causes of action. This blatant refusal to abide by the Rule 8 pleading requirements – which are clearly and simply stated – is an afront to the Court and to these Defendants – an abusive attempt to create unnecessary work for everyone and for no plausible need or benefit. The infusion of exhibits creates a scenario where a Defendant needs to plead to allegations and simultaneously consider and address evidentiary objections in responding to a pleading before any discovery has even commenced.

As a remedy, the Court is respectfully requested to join the other Courts that have addressed these same or similar abuses by plaintiffs – often incidentally *pro se* litigants who typically have no training in the law and who do now know what Rule 8(a) and Rule (d)(1) actually require and thus do not know better. In this case, the Plaintiff is represented by competent counsel who know and understand the requirements of notice pleading under Rule 8 and who chose to deliberately disregard those requirements. That is worthy of the dismissal of the Complaint. See, *Jianqing Wu v. TrustPoint International*, 2015 WL 13091378, *2 (D. Md. 2015) ("As a member of the DC bar

5

and New York state bar, Plaintiff has the requisite legal background to write a clear and concise complaint setting out his claims. Failure to do so may result in Plaintiff's complaint being dismissed with prejudice"). However, at the very least, the Court is requested to follow the lead of Judges Wooten and Rogers in *Groves*, and to strike or dismiss the Complaint with leave to re-file an Amended Complaint that complies fully with the requirements of Rule 8, FRCP.

                     **BUYCK LAW FIRM, LLC**
                     P.O. Box 2424
                     Mt. Pleasant, SC  29465-2424
                     Telephone: (843) 377-1400
                     Facsimile: (843) 284-8105
                     Email:  george@buyckfirm.com

                     *s/George Smythe*
                     _____
                     Hugh W. Buyck (Fed. ID # 6099)
                     George B. Smythe, Jr. (Fed ID #13224)
                     Jeffrey H. Lappin (Fed ID #13568)

                     Attorneys for Defendants L.C. Knight, Ray Dixson, Frank Thompson and Robert Krutek

November 28
_____, 2022
Mt. Pleasant, South Carolina

## CERTIFICATE OF SERVICE

      I certify that on this date a copy of the foregoing was served on each party or counsel of record by ☒ mailing, ☐ emailing, ☐ facsimile, or ☐ hand delivery in the manner prescribed by the applicable Rule of Civil Procedure.

      This 28th day of November, 2022.

          _____*s/George Smythe*_____