IN THE UNITES STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
C/A No.: 2:22-cv-03142-BHH-MHC

| | |
|---|---|
| John Trenton Pendarvis, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **PLAINTIFF'S MEMORANDUM IN** |
| Alan M. Wilson, Mark A. Keel, Hugh E. ) | **OPPOSITION OF THE MOTION TO** |
| Weathers, L.C. Knight, W. Jeffrey Young, ) | **DISMISS OR, ALTERNATIVELY,** |
| Robert D. Cook, Emory Smith, Jr., Joanne ) | **MOTION FOR A MORE DEFINITE** |
| Lee, David S. Jones, T. Stephen Lynch, ) | **STATEMENT OF DEFENDANTS** |
| Harley L. Kirkland, Wesley Vorberger, ) | **KNIGHT, DIXSON, THOMPSON,** |
| Robert Kittle, Adam L. Whitsett, Frank ) | **AND KRUTEK** |
| O'Neal, Jason Wells, Glenn Wood, John ) | |
| Neal, Rhett Holden, Alden G. Terry, ) | |
| Derek M. Underwood, J. Clint Leach, ) | |
| Aaron Wood, John Stokes, Vanessa ) | |
| Elsalah, Brittany Jeffcoat, Eva Moore, ) | |
| Ray Dixson, Frank Thompson, Robert ) | |
| Krutak, Jonathan Calore, Charlie Scrubbs, ) | |
| And Wayne Eaddy, ) | |
| ) | |
| Defendants. ) | |

The Plaintiff, by and through the undersigned counsel, hereby responds to Defendants L.C. Knight (KNIGHT), Ray Dixson (DIXSON), Frank Thompson (THOMPSON), and Robert Krutek (KRUTEK)[1] (collectively "DCSO") motion to dismiss or, alternatively for a more definite statement pursuant to Rules 12(b)(6), 12(e) and Rule 8 Fed.R.Civ.P.

**I.     INTRODUCTION**

The Plaintiff has filed a complaint asserting various claims against thirty-three (33) individual defendants, who were at the times in question employed by the five (5) South Carolina governmental agencies that played a part in the Plaintiff's arrest and seizure/destruction of the

---

[1] Defendants note in fn.1 of their motion that Defendant Krutek's last name is misspelled in the complaint. Plaintiff uses the corrected spelling in this memorandum.

1

Plaintiff's hemp crop on September 19, 2019. Those five agencies are the South Carolina Attorney General's Office (SCAG), the South Carolina Law Enfocement Division (SLED), the South Carolina Department of Agriculture (DAG), the Dorchester County Sheriff's Office (DCSO) and the South Carolina Forestry Commission (FORESTRY).

The Plaintiff's complaint alleges four causes of action: 1) a §1983 cause of action for violation of Plaintiff's due process rights under the 4th, 8th and 14th amendments for false arrest/imprisonment against the SLED and DCSO defendants;  2) a §1983 cause of action for violation of Plaintiff's due process rights under the 4th, 8th and 14th amendments for malicious prosecution against SLED and DAG defendants; 3) a §1985 cause of action for conspiracy to interfere with civil rights by obstructing justice and denying the Plaintif rights and privileges against all defendants; and 4) a §1986 cause of action for neglecting to prevent a conspiracy to interfere with civil rights by obstructing justice and denying the Plaintif rights and privileges against all defendants.

The facts of the case and the legal framework of the resulting claims are multi-faceted and complex. They include acts and omissions by the defendants not just leading up to and including his arrest and the seizure/destruction of his hemp crop, but include conduct by the defendants in the subsequent criminal prosecution, a state court declaratory judgment and injunctive relief action in Marion County, the subsequent appeal of an order in the Plaintiff's favor in the Marion County case and conduct in a separate state court civil action in Dorchester County. That complained of conduct includes allegations of constitional violations via obstruction of justice manifested by willful and intentional discovery misconduct in those state court actions.

In short, the Plaintiff is alleging that these defendants all played a part in a conspiracy to violate his constitutional rights in a manner that has been ongoing for over three (3) years. That

the harmful conduct was not just comprised of his unlawful arrest and the illegal destruction of his hemp crop, but also obstruction of justice through the willful and intentional denial of due process, withholding and hiding of evidence and refusing to comply with the rules of civil procedure.

In support of his allegations, the Plaintiff filed a complaint that not only alleged those causes of actions, but also provided detailed factual allegations supporting the causes of actions. Those factual allegations detail specific facts to show knowledge and intent, identifying both specific instances of conduct and specific defendants that were engaged in the conduct.

Specifically, paragraphs 47 through 218 on pages 21 through 85 of the complaint contain those factual allegations. In detailing the factual allegations, many of those paragraphs direct the defendants to specific statutes, documents, communications, public comments/statements by defendants, and acts/comments made on video (with time-stamped designations).

While Plaintiff's complaint may be lengthy, it is organized (with factual allegations grouped in identified sections) and relays material factual allegations that support the pled causes of action in a progressive and logical manner.

That progression goes through explaining the legalization of hemp, the subsequent Hemp Farming Act ("the Act") that South Carolina passed and the issues with enforcement procedures under the Act (which is at the heart of this case); the Plaintiff's involvement with defendants through the Hemp Farming Program; the climate issues that impacted the Plaintiff's hemp crop; the subsequent alleged violations of the Act by the Plaintiff that those climate issues led to; the defendants conduct in investigating, enforcing and prosecuting those alleged violations; the arrest and seizure/destruction of the Plaintiff's Dorchester County hemp crop as a result of those alleged violations; the conduct of the different agency defendants throughout that process; conduct arising from defendants' attempts to engage in similar enforcement actions against the Plaintiff's Marion

3

County hemp crop; and conduct by defendants to hide information/evidence from the Plaintiff over the last three years.

Instead of filing an answer and admitting or denying the pled factual allegations, the DCSO defendants have filed an untimely motion to dismiss or in the alternative for a more definite statement, pursuant to Rules 12(b)(6), 12(e) and Rule 8 FRCP.

The Plaintiff files response.

## II.     **Defendants' motion is untimely**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint. Rule 12(a)(1)(A)(i) FRCP. A party may assert certain defenses by motion, including the defenses under Rule 12(b)(6) ("failure to state a claim upon which relief can be granted") and Rule 12(e) ("motion for more definite statement"), but the rules specifically require such motions "must be made before" a responsive pleading is allowed. Rule 12 FRCP.

Rule 12 provides that the time for a defendant to respond is increased if that defendant waives service, specifically stating that a defendant must serve an answer:

> …if it has waived service under Rule 4(d), **within 60 days after the request for a waiver was sent**, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

Rule 12(a)(1)(A)(ii) FRCP, emphasis added.

The Plaintiff served the summons and complaint on all defendants in this action by sending a form *Waiver of Service* made out for each defendant. All of those forms designated the date when the request was sent, September 16, 2022, pursuant to Rule 4(d)(E). The fourth (4th) paragraph in each of those waivers specifically includes form language, through which the person waiving service declares that:

4

> I also understand that I, or the entity I represent, must file and serve the answer **or a motion under Rule 12 within 60 days from 09/16/2022, the date when this request was sent** (or 90 days if it was sent outside the United States). **If I fail to do so, a default judgment will be entered against me or the entity I represent**.

(ECF 35-1, executed waivers of service by DCSO defendants).

Ultimately, all the defendants in this action executed waivers of service, availing themselves of the automatic extension of time in which to respond to the Plaintiff's complaint if a defendant waives service provided by Rule 12(a)(1)(A)(ii) FRCP. That includes the DCSO defendants, whose executed waivers of service were filed with the Court. (ECF-35 & 35-1).

As a result of waiving service and receiving the automatic extension of time in which to respond, all defendants' responses to the Complaint were due within sixty (60) days of those requests being sent. As the Court noted via the notice of electronic filing emailed on September 27, 2022 at 1:09 p.m., the DCSO defendants' responsive pleading was due "11/15/2022." (ECF-35-1).

All other defendants in this action timely filed motions in response to the complaint and the Plaintiff timely filed responses to all those motions on November 28, 2022. At the same time as filing responses to the motions of the other defendants, the Plaintiff contemporaneously filed *Plaintiff's Request for Entry of Default as to Defendants L.C. Knight, Ray Dixson, Frank Thompson and Robert Krutak*, along with an *Affidavit of Default*. (ECF-35 & 35-1).

The Court sent out notice of the Plaintiff's electronic filing via email timestamped November 28, 2022 at 2:57 p.m.

DCSO defendants did not file their motion until after Plaintiff's November 28, 2022 filings, with the Court noticing the electronic filing of the DCSO defendants' motion via email timestamped November 28, 2022 at 5:20 p.m.

Rule 6(b) specifically states that "When an act may or must be done within a specified time, the court may, **for good cause**, extend the time…**on motion made after the time has expired** if the party failed to act because of **excusable neglect**." Rule 6(b)(1)(B), emphasis added.

Local Rule 6.01 states that "[R]equests for enlargement of time (except as otherwise allowed by consent under Local Civ. Rules 12.01, 29.01, 37.01 (D.S.C.)) **must be by motion and accompanied by an affidavit or other statement giving the reasons therefor**." Local. Civ. Rule 6.01 (D.S.C.), emphasis added.

"A district court 'may consider' an untimely motion only if the moving party 'shows good cause' for its delayed action." United States v. Mathis, 932 F.3d 243, 256 (4th Cir. 2019). *See* Stevens v. Showalter, 458 B.R. 852 (D. MD. 2011) (affirming bankruptcy court decision denying a motion to dismiss under Rule 12(b)(6) as untimely); Moses v. Amazon.com.DEDC LLC, et al., 2019 U.S. Dist. LEXIS222589 (D.N.J. 2019) (finding Rule 12(b)(6) motion untimely when no good cause for untimeliness offered to court); State Farm Life Ins. Co. v. Bryant, 2020 U.S. Dist. LEXIS 94709 (N.D. Tex. 2020) (in striking an untimely response to motions, noting that when the rules at issue "are straightforward and unambiguous, mere inadvertence, ignorance, or misinterpretation of the applicable rules does not constitute excusable neglect").

"If an extension request is made *before* the time period expires, the district court has discretion to grant the request on the showing of "good cause. Rule 6(b)(1)(A). If the motion for extension of time is made *after* the time period expires, the court may grant the request if good cause is shown *and* "the party failed to act because of excusable neglect." Wilder v. James, 2018 U.S. Dist. LEXIS 124766, 2 (D.S.C. 2018), emphasis in original (citing Rule 6(b)(1)(B); *see* Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871 (1990) and Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390 (4th Cir. 2003)).

The DCSO defendants have made no motion to alter time pursuant to Rule 6 and offered no good cause and excusable neglect for their delay in filing a response to the Plaintiff's complaint within sixty (60) days of the waivers being sent as required by Rule 12(a)(1)(A)(ii) FRCP.

Plaintiff would note that the actual memorandum filed by the DCSO defendants in support of their motion appears to be a nearly verbatim copy and paste of the memorandum filed by the SLED defendants in support of their similar motion. (ECF-27-1 compared to ECF-39-1). SLED's memorandum was filed on November 15, 2022, as opposed to the DCSO defendants November 28, 2022 filing, which was 13-days late. If the DCSO defendants had enough knowledge of the SLED defendants' filing to copy it for their own response, there is no reason they should not have known their response was untimely and filed a motion with the court, explaining good cause and excusable neglect why their filing was untimely.

Yet the DCSO defendants have offered no good cause and excusable neglect as to why the Court should consider their untimely response to the Plaintiff's complaint. As such, their motion should be denied.

### III.     Defendants requests for relief under Rule 12(b)(6) FRCP

The purpose of a Rule 12(b)(6) motion "is to test the sufficiency of a complaint." *See* Gillaspie v. United States, 2022 U.S. Dist. LEXIS 185185, p.3 (D.S.C. June 7, 2022), (citing Williams v. Preiss-Wal Pat III, LLC, 17 F. Supp.3d 528, 531 (D.S.C. 2014).

Fed. R. Civ. P. 8(a)(2) merely requires that a complaint show that the pleader is entitled to relief such that the defendant will have "fair notice of what the claim is and the grounds upon which it rests." Gillaspie at 4.

When considering a Rule 12(b)(6) motion, the court is required to accept the allegations in the pleading as true and draw all reasonable factual inferences in favor of the party opposing the

motion. Gillapsie at 4, citing E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011). Moreover, the court must evaluate "the complaint **in its entirety**, **as well as documents** attached or **incorporated into the complaint**." Gillapsie at 4, citing Id. at 448, emphasis added. "A complaint should not be dismissed as long as it provides sufficient detail about the claim to show that the plaintiff has a more-then-conceiveable chance of success on the merits." Gillapsie at 4, citing Goldfarb v. Mayor & City Council of Balt., 791 F.3d 500, 511 (4th Cir. 2015)(internal quotation marks and brackets omitted).

Plaintiff is at a loss for how to even address DCSO's Rule 12(b)(6) argument, as the DCSO defendants do not even attempt to argue in their motion or memo how the Plaintff's complaint in anyway fails under 12(b)(6) to provide sufficient detail about the claims the Plaintiff is making or that the complaint denies them fair notice.

The complaint specifically identifies that the Plaintiff is alleging three of the four pled causes of action against the DCSO defendants, asserting the legal basis within those causes of action for relief and incorporating by reference the factual allegations pled in the complaint.

Those factual allegations in the Plaintiff's complaint contain numerous specific, and documented, factual allegations detailing conduct by the DCSO defendants that support the pled causes of action. Those factual allegations against the DCSO defendants detail a willful and intentional desire by the DCSO defendants, as well as other co-defendants, to avoid specific procedural guidance that they were noticed to follow in order to protect the Plaintiff's constitutional rights.

The facts alleged in Plaintiff's complaint provide "enough facts to state a claim to relief that is plausible on its face." Robinson v. Am. Honda Motor CO., 551 F.3d 218, 222 (4th Cir. 2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 at 555, 570. Assisting others in the

8

destruction of a person's property without judicial approval, is plausibly on its face, a violation of that person's constitutional rights. When evaluated in its entirety, the Plaintiff's complaint "provides sufficient detail about the claims to show that [he] has a more-than-conceiveable chance of success on the merits." Goldfarb at 511.

As such, the DCSO defendants' motions for dismissal pursuant to Rule 12(b)(6) FRCP should be DENIED.

### IV.     Defendants requests for relief under Rule 12(e) and Rule 8 FRCP

The DCSO defendants move for an order instructing the Plaintiff "to file an Amended complaint complying with Rule 8 FRCP, or dismissing this case based upon the failure to comply with Rule 8, FRCP, while also citing to Rule 12(e) and then in their memo throwing in a request "to strike." (Motion, p.1 and Memo, p.6).

This argument by DCSO is based upon the mistaken belief that the language of Rule 8(a)(2) that a complaint must contain "a short and plain statement of the claim," is a ceiling for pleadings, when the reality is that Rule 8 merely establishes a threshold.

The DCSO defendants' arguments are based entirely upon the length of the Plaintiff's complaint, that the complaint's factual allegations contain embedded exhibits, and incorporates by reference paragraphs into the causes of action.

Rule 8 does not impose an arbitrary ceiling on the acceptable number of pages or paragraphs of a complaint, or deny the Plaintiff the right to incorporate previous paragraphs by reference.

Notice pleading rests on the principle that the defendant should have "fair notice of what [a] plaintiff's claim is and the grounds upon which it rests." Rule 8 of the Federal Rules of Civil Procedure provides that "[p]leadings must be construed as to do justice." Rule 8 "requires only 'a

short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendants fair notice of what the…claim is and the grounds upon which it rests." Barclay White Skanska, Inc. v. Battelle Mem. Inst., 262 Fed. Appx. 556, 560 (4th Cir. 2008), internal citiations omitted.

In *Hearns*, the Ninth Circuit reversed a dismissal of a complaint for failure to comply with Rule 8(a), noting that the defendants did "not attempt to identify particular allegations as immaterial or unnecessary," noting that the defendants "simply object that the complaint provides too much detail." Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1130 (9th Cir. 2008). The *Hearns* court specifically found that "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)." Hearns at 113, citing to Wynder at 80 (holding that district court erred in dismissing on Rule 8 grounds when the complaint, though long, was not "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised"); Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003) ("Some complaints are windy but understandable. Surplusage can and should be ignored.").

> By contrast, the complaint at issue here was not "replete with redundancy and largely irrelevant." It set out more factual detail than necessary, but the overview was relevant to Plaintiff's causes of action for employment discrimination. Nor was it "confusing and conclusory." The complaint is logically organized, divided into a description of the parties, a chronological factual background, and a presentation of enumerated legal claims, each of which lists the liable Defendants and legal basis thereof.

Hearns at 1132, internal citations omitted

Plaintiff's complaint in this matter is similarly "logically organized, divided into a description of the parties, a chronological factual background, and a presentation of enumerated legal claims, each of which lists the liable Defendants and legal basis thereof" and provides an "overview" relevant to his causes of action.

10

The *Hearns* case has been cited by the Fourth Circuit in support of reversing and vacating an order dismissing a complaint for failing to comply with Rule 8(a).

In *Sewarz v. Long*, the Fourth Circuit noted the types of complaints that had led to Rule 8 dismissals: Garst (155 pages, 400 paragraphs, 99 attachments); In re Westinghouse Sec. Litig., 90 F.3d 696, 703-06 (3rd Cir. 1996) (600 paragraphs, 240 pages); Vicom, Inc. v. Harbridge Merch. Svcs., 20 F.3d 771, 775-76 (7th Cir. 1994) (finding 385 paragraph, 119-page "less-than-coherent" complaint should have been dismissed); Kuehl v. FDIC, 8 F.3d 905, 906-09 (1st Cir. 1993) (358 paragraphs, 43 pages – fn noting that "numerous repetitive counts"); Michaelis v. Nebraska State Bar Ass'n, 717 F.2d 437, 439 (8th Cir. 1983) (144 pargraphs, 98 pages). Sewraz v. Long, 407 Fed. Appx. 718, 719 (4th Cir. 2011).

After citing all of those cases, the *Sewraz* court specifically cited to *Hearns*, noting "finding abuse of discretion when district court dismissed 81-page complaint that included "excessively detailed factual allegations" that were nonetheless "coherent, well-organized, and stated legally viable claims." Sewraz at 719. The *Sewraz* court then specifically found "that the Defendants could easily determine what causes of action applied to them and what factual allegations supported each cause of action. While a defendant would likely need to read the complete factual background in order to see the big picture alleged, the facts are intelligible and clearly delineated as to each defendant." Sewraz at 719.

Such is the case with the Plaintiff's complaint.

*Hearns* has also been cited by South Carolina District Courts. In *Jane Rene' Silver v. Bayer Healthcare Pharms*, Judge Norton refused to dismiss a complaint under Rule 8(a), cited to *Hearns* in noting that "when weighing a Rule 8(a) dismissal, courts have also considered whether the complaint runs afoul of other rules, such as being 'verbose, confusing and almost entirely

11

conclusory." Jane Rene' Silver v. Bayer Healthcare Pharms., 2021 U.S. Dist. LEXIS 188355, 40-41. (D.S.C., September 30, 2021).

The Plaintiff's complaint is not confusing, nor is it conclusory and it does not violate Rule 8 FRCP, as it adequately "plead[s] factual content that allows the court to draw reasonable inference that the defendant[s] [are] liable for the misconduct alleged." Brown v. GNC Corp. (In re GNC Corp.), 789 F.3d 505, 513 (4th Cir. 2015). The complaint provides fair and reasonable notice to the defendants. *See* 2 James Wm. Moore et al., Moore's Federal Practice §8.04[1] (3d. ed. 1999) ("The rule is fashioned in the interest of fair and reasonable notice, not technicality.").

Defendants Rule 12(e) arguments (to the extent simply citing Rule 12(e) is making an argument) are similar to arguments made by the defense in *Holland v. Beaufort County & James Beckert*. In *Holland*, the defense moved for a more definite statement pursuant to Rule 12(e) and moved to strike pursuant to Rule 12(f). Holland v. Beaufort County & James Beckert, 2021 U.S. Dist. LEXIS 243582 (D.S.C., January 13, 2021). In *Holland*, Defendant Beckert sought a more definite statement contending that the complaint was "replete" with "vaguery and ambiguity" and ran afoul of Rule 8 and sought to strike certain allegations arguing the complaint was "rife with evidentiary matters." The Court refused the request for more definite statement, finding the complaint was not "so vague and ambiguous that Defendant cannot frame a response," and found many of the allegations sought to be struck were "relevant and pertinent to the Plaintiff's case and do not cause any significant prejudice to Defendant or otherwise fun afoul of the rules of civil procedure." Holland at 2 & 7.

Plaintiff would note that despite quoting language from cases about "clearly extraneous" and "unduly voluminous" allegations, the DCSO defendants do not actually identify a single factual allegation that fails to "plead[s] factual content that allows the court to draw reasonable

inference that the defendant[s] [are] liable for the misconduct alleged." Brown v. GNC Corp. (In re GNC Corp.), 789 F.3d 505, 513 (4th Cir. 2015).

Likewise, the DCSO defendants complaints about the Plaintiff's use of documents within the complaint, does not identify a single factual allegation in which the use of such documents within the complaint is in anyway confusing or extraneous. While the DCSO defendants may not like it, they have failed to make a motion under Rule 12(f) to strike (or meet the burden under such motion by identifying any factual allegations that are redundant, immaterial, impertinent, or scandalous), and the Fourth Circuit has specifically found that courts must evaluate "the complaint **in its entirety**, **as well as documents** attached or **incorporated into the complaint**." Gillapsie at 4, citing Id. at 448, emphasis added.

The DCSO defendants' argument that incorporating such documents into the complaint "creates a scenario where a Defendant needs to plead to allegations and simultaneously consider and address evidentiary objections in responding to a pleading **before any discovery has even commenced**" (Memo, p.5, emphasis added) is the same argument made in *Holland*, arguing plaintiff's complaint was "rife with evidentiary matters." Holland at 7.

The emphasized language within the quote from the DCSO defendants' memo above shows the hypocrisy of the DCSO defendants' objections to the Plaintiff's complaint: on one hand, they complain they are being asked to admit or deny factual allegations **before any discovery has even commenced**; while on the on the other hand, they complain that the Plaintiff's complaint is literally providing them the discovery by which to admit or deny the factual allegations.

The *Holland* court specifically addressed similar objections, finding that "allegations set forth in the Complaint are not evidence" and found that many of the complained of allegations

13

were "relevant and pertinent to Plaintiff's case and do not cause any significant prejudice to Defendant or otherwise run afoul of the rules of civil procedure." Holland at 7-8.

All of the above shows that the Plaintiff's complaint complies with Rule 8 and that it is not so vague or ambiguous as to justify a more definite statement.

### V.     In the alternative to dismissal, Plaintiff would request leave to Amend

While Plaintiff argues that the defendants' motions for dismissal should be denied, in the event the Court were to find that the Plaintiff's complaint has failed to state a claim for relief under Rule 12(b)(6) or violated Rule 8 to the extent dismissal was warranted, the Plaintiff would respectfully request that the Court allow the Plaintiff leave to file an amended complaint to correct any such deficiencies.

Generally, courts "should freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion to amend should only be denied when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." ACA Fin. Guar. Corp. v. City of Buena Vista, 917 F.3d 206, 217-18 (4th Cir. 2019).

As such, the Plaintiff would respectfully request leave to amend to correct any such deficiencies if found by the Court.

## **CONCLUSION**

For the reasons stated above, the Plaintiff respectfully asks that Court deny the Defendants' motion.

Respectfully submitted,

**WUKELA LAW FIRM**

s/Patrick J. McLaughlin
Patrick J. McLaughlin (Fed. ID. No. 9665)
P.O. Box 13057
Florence, SC 29504-3057
Telephone:  843-669-5634
Facsimile:   843-669-5150
Email:  patrick@wukelalaw.com
*-and-*
**WILLIAMS & WILLIAMS**
C. Bradley Hutto (Fed. ID. No. 2024)
P.O. Box 1084
Orangeburg, SC 29116
Phone: (803)534-5218
Fax:     (903)536-6298
cbhutto@williamsattys.com

November 29, 2022                    **ATTORNEYS FOR PLAINTIFF**