IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

John Trenton Pendarvis,

Plaintiff,

v.

Alan M. Wilson, Mark A. Keel, Hugh E. Weathers, L.C. Knight, W. Jeffrey Young, Robert D. Cook, Emory Smith, Jr., Joanne Lee, David S. Jones, T. Stephen Lynch, Harley L. Kirkland, Wesley Vorberger, Robert Kittle, Adam Whitsett, Frank O'Neal, Jason Wells, Glenn Wood, John Neale, Rhett Holder, Alden G. Terry, Derek M. Underwood, J. Clint Leach, Aaron Wood, John Stokes, Vanessa Elsalah, Brittany Jeffcoat, Eva Moore, Ray Dixon, Frank Thompson, Robert Krutak, Jonathan Calore, Charlie Scrubbs, and Wayne Eaddy,

Defendants.

Civil Action No. 2:22-3142-BHH

**ORDER**

Plaintiff John Trenton Pendarvis ("Plaintiff") filed this action against the above-named Defendants for alleged violations of his constitutional rights. All Defendants filed motions to dismiss. (ECF Nos. 76, 77, 78, 79, 80.) Plaintiff filed responses in opposition, and some Defendants filed replies. (*See* ECF Nos. 82, 83, 84, 85, 86, 87, 89, 90, 91.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the matters were referred to a United States Magistrate Judge for initial review.

On October 19, 2023, Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant the motions to dismiss and dismiss this action without prejudice for failure to state a claim

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, the Magistrate Judge recommends allowing Plaintiff to file a third amended complaint that adheres to the applicable rules, case law, and the Court's orders.

All parties filed objections to the Magistrate Judge's Report, and some parties filed replies to some objections. (ECF Nos. 94, 95, 96, 97, 98, 99, 100, 101, 102.) After *de novo* review, and for the reasons set forth below, the Court adopts the Magistrate Judge's Report, overrules the parties' objections, grants Defendants' motion to dismiss, and dismisses this action without prejudice.

## STANDARDS OF REVIEW

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). .

### II.    Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Supreme Court has explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 678.

**DISCUSSION**

The Magistrate Judge thoroughly outlined the procedural history of this case, which can be summarized as follows. On September 16, 2022, Plaintiff filed his original complaint, which totaled 92 pages with dozens of exhibits copied and pasted or otherwise embedded into the complaint. (ECF No. 1.) The original complaint pleaded four causes of action against 33 different individual Defendants, including employees of the South Carolina Attorney General's Office ("SCAG"), the South Carolina State Law Enforcement Division ("SLED"), the South Carolina Department of Agriculture ("SC Dep't. Agric."), the Dorchester County Sheriff's Office, and the South Carolina Forestry Commission.

Some Defendants moved to dismiss Plaintiff's original complaint pursuant to Rule 12(b) for failure to state a claim. (*See* ECF Nos. 22, 24, 25, 26.) Other Defendants moved to dismiss pursuant to Rule 8(a) or, alternatively, for a more definite statement pursuant to Rule 12(e). (*See* ECF Nos. 23, 27, 39.) Plaintiff filed responses in opposition, asserting

that the complaint was sufficient; alternatively, Plaintiff requested leave to file an amended complaint.  (ECF Nos. 31, 32, 33, 34, 40.)

On February 3, 2023, the Magistrate Judge granted Plaintiff leave to amend his complaint, specifically instructing Plaintiff not to embed evidentiary matters into the amended complaint and to limit the amended to complaint to no more than 45 pages.  (ECF No. 47 at 4-5.)

On February 24, 2023, Plaintiff filed an amended complaint totaling 44 pages, naming 32 individual Defendants, and alleging six causes of action arising out of Plaintiff's Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights.  (ECF No. 49.)

Defendants again moved to dismiss the amended complaint, asserting that it failed to comply with the pleading requirements and the Magistrate Judge's prior order, and that it failed to state claim under Rule 12(b)(6).  (ECF Nos. 55, 56, 57, 58, 59.)  In the alternative, some Defendants moved pursuant to Rule 12(e) for a more definite statement.  (ECF Nos. 56, 57, 58.)

The Magistrate Judge ultimately agreed that the amended complaint failed to comply with Rule 8 and that it amounted to an improper "shotgun pleading," which did not give Defendants fair notice of the claims against them.  (ECF No. 73.)  Instead of dismissing the complaint as some Defendants requested, however, the Magistrate Judge granted Defendants' Rule 12(e) Motions and ordered Plaintiff to file a second amended complaint in accordance with Rules 8(a) and 12(e) and her prior instructions.  (*Id.*)

On August 25, 2023, Plaintiff filed a second amended complaint, totaling 33 pages and naming 32 individual Defendants.  (ECF No. 74.)  The second amended complaint includes the following six causes of action pursuant to 42 U.S.C. § 1983: (1) violations of

the Fourth and Fourteenth Amendments against various Defendants for unreasonable search and seizure; (2) violations of the Fifth, Eighth, and Fourteenth Amendments against various Defendants; (3) violations of the Fourth and Fourteenth Amendments against various Defendants for malicious prosecution; (4) bystander liability for failure to protect Plaintiff from violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments against various Defendants; (5) supervisor liability for violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments against various Defendants; and (6) conspiracy to violate the Fourth, Fifth, Eighth, and Fourteenth Amendments against various Defendants. (*Id.*)

All Defendants again moved to dismiss the second amended complaint for failure to adhere to the pleading requirements of Rule 8 and the Court's prior orders and for failure to state a claim pursuant to Rule 12(b)(6).[1] (ECF Nos. 76, 77, 78, 79, 80.) The Magistrate Judge ultimately agreed with Defendants that the second amended complaint failed to adhere to the basic requirements set forth by the United States Supreme Court in *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Magistrate Judge explained:

> Here, Plaintiff's Second Amended Complaint falls short of the pleading requirements announced in *Iqbal/Twombly*. Whereas the Amended Complaint contained a plethora of information that made it difficult, at best, to discern what factual allegations were important or relevant to the causes of action alleged, the Second Amended Complaint contains no alleged facts whatsoever. Indeed, there is no section of factual allegations at all in the Second Amended Complaint. *See* ECF No. 74. In stripping out all the factual allegations contained in previous iterations of the Complaint and Amended Complaint, only legal conclusions—couched as factual allegations—remain. Such a Complaint is insufficient under *Twombly/Iqbal*. *See Robertson*, 679 F.3d at 288 ("[A] complaint must contain factual

[1] Defendants' motions also include arguments regarding qualified immunity and other immunities, bystander liability, supervisory liability, and standing. (ECF Nos. 76, 77, 78, 79. 80.)

> allegations in addition to legal conclusions." (emphasis added)); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").
>
> The Court appreciates that Plaintiff's Second Amended Complaint attempts to address some of the concerns raised in this Court's August 11 Order. For example, in addressing the Court's concern over the confusion that the "shotgun pleading" created for Defendants and this Court, Plaintiff's Second Amended Complaint now specifically describes the allegations relative to each individual Defendant under each cause of action. As a result, it is clear what specific causes of action Plaintiff is alleging against each Defendant.
>
> However, although these allegations set forth the necessary elements for each cause of action alleged, they are ultimately legal conclusions couched as factual allegations. Outside of these formulaic recitations of the necessary elements for each cause of action, there is no further factual allegation anywhere in the Second Amended Complaint that supports these legal conclusions. Indeed, while each of the delineated causes of action now contain paragraphs directed at each individual Defendant, these paragraphs are largely repetitive and fall short of alleging any specific facts against the individual Defendants which would give them notice as to what conduct Plaintiff claims has violated his rights.

(ECF No. 92 at 7-8.)

The Magistrate Judge further noted that "not once does Plaintiff allege a specific date" or define the "time period in question" relevant to the alleged constitutional violations. (*Id.* at 8.) In addition, the Magistrate Judge explained that although this type of information may have been alleged in previous complaints, the second amended complaint supersedes the prior complaints and renders the prior complaints "of no effect." *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017). Ultimately, the Magistrate Judge concluded that the complete removal of factual allegations from the second amended complaint rendered it deficient, and her Report recommends dismissal of the complaint without prejudice, or alternatively, that Plaintiff be allowed to file a third amended complaint adhering to the appropriate standards and the Court's prior orders.

In their objections, Defendants do *not* object to the Report's findings that the second amended complaint fails to comply with (1) Rules 8 and 12 of the Federal Rules of Civil Procedure, (2) *Twombly* and *Iqbal*, or (3) the Magistrate Judge's prior orders.  Instead, Defendants object to the Magistrate Judge's recommendation that the Court dismiss the second amended complaint *without prejudice*, and they assert any dismissal should be *with prejudice* based on Plaintiff's persistent failure to comply with the applicable rules and the Court's prior directives.  (*See* ECF Nos. 94, 96, 97, 98, 99.)

On the other hand, Plaintiff objects to the Magistrate Judge's recommendation that the second amended complaint be dismissed without prejudice and requests that the Court adopt the Magistrate Judge's alternative recommendation and allow him to file a third amended complaint, a proposed copy of which he attached to his objections.  (ECF Nos. 95, 95-1.)  In response to Plaintiff's objections, certain Defendants assert that the Court should disregard Plaintiff's objections because they are general and conclusory and merely incorporate prior arguments.  (ECF Nos. 101, 102.)  Certain Defendants also assert that Plaintiff's attempt to file a third amended complaint at this juncture is not appropriate.  (*Id.*)

Here, after a careful, *de novo* review, the Court fully agrees with the Magistrate Judge's thorough analysis of the issues and finds no error in her determination that Plaintiff's second amended complaint fails to comply with Rules 8 and 12 of the Federal Rules of Civil Procedure; fails to adhere to the standards set forth in *Twombley* and *Iqbal*; and fails to follow the clear directives provided to Plaintiff in prior orders.  As such, the Court agrees with the Magistrate Judge that dismissal of Plaintiff's second amended complaint is appropriate.  And while the Court certainly appreciates and understands Defendants' frustration and their argument that any dismissal should be with prejudice, *see*

*North Carolina v. McGuirt*, 114 F. App'x 555, 559 (4th Cir. 2004), the Court ultimately finds that dismissal without prejudice is appropriate under the circumstances.[2]

## CONCLUSION

Based on the foregoing, the Court adopts the Magistrate Judge's Report (ECF No. 92) and overrules the parties' objections (ECF Nos. 94, 95, 96, 97, 98, 99). **For the reasons set forth in the Report and herein, the Court grants Defendants' motions to dismiss (ECF Nos. 76, 77, 78, 79, and 80) pursuant to Rule 12(b)(6) for failure to comply with Rule 8(a), and the Court dismisses this action without prejudice.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

June 7, 2024
Charleston, South Carolina

[2] The Court notes, however, that dismissal without prejudice does not mean dismissal without consequence. For example, while dismissal without prejudice is not a decision on the merits, it also does not give Plaintiff the right to successfully refile if the applicable statute of limitations has passed.